UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HEMLOCK SEMICONDUCTOR
CORPORATION,

     Plaintiff,

v.

JINGLONG INDUSTRY AND
COMMERCE GROUP CO., LTD.,

     Defendant.

Case No. 1:15-cv-12499-TLL-PTM

Hon. Thomas L. Ludington

---

## PLAINTIFF HEMLOCK SEMICONDUCTOR CORPORATION'S STATUS REPORT ON ITS SERVICE OF PROCESS

Pursuant to this Court's January 7, 2016 Order, Dkt. No. 5, Plaintiff Hemlock Semiconductor Corporation ("Hemlock") respectfully submits this Status Report on its efforts to serve process upon Defendant Jinglong Industry and Commerce Group Co., LTD. ("Jinglong"). In short, Hemlock has and continues to exercise full due diligence in making service on Jinglong, but as explained below and in the accompanying affidavit of Karina Shreefer,[1] delays in the Chinese courts over which Hemlock has no control appear to be the cause of the lack of service to date.

Jinglong is a Chinese limited corporation with its principal place of business

---

[1] Karina Shreefer is an attorney, licensed process server, and international law consultant with Legal Language Services, an international litigation support firm retained by Hemlock's attorneys to effect service upon Jinglong in China.

1

located at NingJin Higher and New Technology Development Area, 055550 Hebei, China. See Complaint, Dkt. No. 1, at ¶ 2. As such, Jinglong must be served pursuant to the 1965 Hague Service Convention. See January 7, 2016 Order at 1; see also Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699 (1988).

A survey of the service protocols in the People's Republic of China is as follows. As ratified by China, to initiate service, the Hague Service Convention requires the serving party to submit a Hague Service Request (form USM-94) along with any papers to be served to the Chinese Central Authority, located within the Chinese Ministry of Justice in Beijing. See Affidavit of Karina Shreefer, Esq. ¶¶ 4-5 (attached hereto as Exhibit A) (hereinafter "Shreefer Aff."). When the Chinese Central Authority receives a Hague Request, its personnel review it for compliance with the Hague Convention and, if found to be in compliance, assign it a control number and forward it to the Chinese Supreme Court. Id. at ¶ 6. The Chinese Supreme Court then forwards the Request to a local district with jurisdiction over the defendant. Id. The local district ultimately orders a bailiff to effect service. Id. This process typically takes six to nine months from the date that the Chinese Central Authority receives the Hague Service Request, but there is no guarantee that service will be completed within this timeframe. Id. The Hague Convention does not impose a mandatory time period within which a signatory

state must effect service. Shreefer Aff. at ¶ 11.

Hemlock commenced this action on July 14, 2015. Hemlock's attorneys retained Legal Language Services ("LLS") to assist in effectuating service on Jinglong on or about August 5, 2015. Complaint, Dkt. No. 1; Shreefer Aff. ¶ 2. On August 17, 2015, LLS transmitted a Hague Service Request, along with the Summons and Complaint and corresponding Chinese translations, to the Chinese Central Authority via Federal Express. Shreefer Aff. at ¶ 8. The Central Authority received the Request and accompanying documents on August 20, 2015, and thereafter approved the Request and assigned it control number 2015-sxs-1031. Id.

LLS, at Orrick's direction, sent three e-mail inquiries to the head of the Chinese Central Authority, Zhiying Li, inquiring about the status of the Jinglong Hague Request on October 28, 2015, December 28, 2015, and February 22, 2016. Shreefer Aff. ¶ 9. In response to each inquiry, Zhiying Li stated that the Jinglong Hague Request was under procedure in the Chinese court system, and that Jinglong is located in an outlying district, which contributes to delays in service. Id.

Again, on March 22, 2016, LLS contacted Zhiying Li requesting an update on the status of service in this matter. Shreefer Aff. ¶ 10. The following day, Zhiying Li confirmed that service is still under procedure within the Chinese court system. Id.

Hemlock understands that as of the date hereof, service on Jinglong is still

being processed by Chinese authorities. At Orrick's direction, LLS will continue to regularly follow up with the Chinese Central Authority to track the status of service upon Jinglong.

Under the circumstances, Hemlock respectfully requests that it be permitted to continue its diligent efforts to perfect service upon Jinglong.

Dated:  April 1, 2016

Of Counsel:

ORRICK, HERRINGTON & SUTCLIFFE LLP
   J. Peter Coll, Jr.
   John Ansbro
   Alvin Lee
   51 West 52nd Street
   New York, New York 10019
   Telephone: (212) 506-5000
   Facsimile: (212) 506-5151
   jansbro@orrick.com

BRAUN KENDRICK FINKBEINER P.L.C.

By: ___/s/ Craig W. Horn_____
   Craig W. Horn (P34281)
   4301 Fashion Square Boulevard
   Saginaw, Michigan 48603
   (989) 498-2100
   crahor@BraunKendrick.com

*ATTORNEYS FOR PLAINTIFF HEMLOCK SEMICONDUCTOR CORPORATION*

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HEMLOCK SEMICONDUCTOR
CORPORATION,

       Plaintiff,

v.

JINGLONG INDUSTRY AND
COMMERCE GROUP CO., LTD.,

       Defendant.

Case No. 1:15-cv-12499-TLL-PTM

Hon. Thomas L. Ludington

## AFFIDAVIT OF DUE DILIGENCE REGARDING SERVICE OF PROCESS UPON JINGLONG INDUSTRY AND COMMERCE GROUP CO., LTD.

I, Karina Shreefer, being duly sworn, state as follows:

1. I am an attorney, licensed process server, and international law consultant employed since 2004 by Legal Language Services ("LLS"), an international litigation support firm located in Leawood, Kansas. LLS routinely assists its clients with international service of process worldwide, including service upon defendants located in the People's Republic of China ("China"). This affidavit is based on my personal knowledge of the matters referenced herein.

2. Plaintiff commenced this action on July 14, 2015. On or about August 5, 2015, Plaintiff's attorneys at the law firm of Orrick, Herrington & Sutcliffe LLP retained LLS to effect service upon Chinese defendant Jinglong Industry and Commerce Group Co., LTD. ("Jinglong") of the *Summons in a Civil Action* and *Complaint* filed in the instant case.

3. China is a signatory to the *Hague Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters* (the "Hague Convention"), an international treaty regulating service of process among member

1

nations. The U.S. Supreme Court has held that where the Hague Convention is in effect, litigants must use one of its channels to effect service of process. *See Volkswagenwerk AG v. Schlunk*, 486 U.S. 694, 108 S. Ct. 2104 (1988).

4. The Hague Convention provides two channels for transmission of judicial documents between member nations: through the channel of the Hague Central Authority for the Receiving State (described in Articles 1 – 7 of the Convention); and through alternate methods of transmission which circumvent the channel of the Central Authority. Examples of such alternate methods of transmission cited in Articles 8 – 11 of the Convention are: service by mail; service by judicial officer; and service by diplomat.

5. Each signatory nation, upon ratification of the Hague Convention, was given the opportunity, under Article 21 of the Convention, to officially sanction or object to these alternate methods of transmission. China declared that it objected to service by judicial agent, service by mail, and service by diplomat upon Chinese citizens. The practical import of these declarations is to leave only one proper channel for service of process in China; that is, service through the Chinese Central Authority located within the Chinese Ministry of Justice in Beijing. To initiate such service, a Hague Service Request (form USM-94) must be submitted to the Central Authority along with any papers to be served.

6. When the Chinese Central Authority receives a Hague Request, its personnel review it for compliance with the Convention and then, if everything is found to be in order, assign the Request a control number and forward it to the Supreme Court of the People's Republic of China. The Supreme Court then forwards the Request to a local district court having jurisdiction over the defendant. The local district court ultimately orders a bailiff to effect service. In LLS's experience, service in China typically takes six to nine months from the date

the Chinese Central Authority receives the Hague Service Request, but there is no guarantee that service will be effected within this time frame.

7. To commence service via the Central Authority in this action, LLS prepared a Hague Service Request seeking service upon Jinglong. LLS translated the *Summons in a Civil Action* and *Complaint* into Chinese and attached the translations, along with their English counterparts, to the Hague Request.

8. On August 17, 2015, LLS transmitted the Jinglong Hague Request, in duplicate, to the Chinese Central Authority via Federal Express. The Chinese Central Authority received the Request on August 20, 2015. The Request was approved and assigned control number 2015-sxs-1031.

9. LLS sent email inquiries to Zhiying Li, head of the Chinese Central Authority, concerning the status of the Jinglong Hague Request on October 28, 2015, December 28, 2015, and February 22, 2016. To each inquiry, Zhiying Li responded that the Hague Request was under procedure within the Chinese court system. Ms. Li further mentioned that Jinglong is located in an outlying district, which contributes to delays in service.

10. Most recently, on March 22, 2016, LLS again contacted Zhiying Li requesting an update on the status of service in this matter. On March 23, 2016, Ms. Li responded to the LLS inquiry, noting that service upon Jinglong was still under procedure within the Chinese court system.

11. The Hague Convention does not impose an obligatory time period within which the foreign authority must effect service.

12. LLS will continue regular follow up with the Chinese Central Authority to learn the status of service upon Jinglong Industry and Commerce Group Co., Ltd.

I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct to the best of my knowledge and belief.

Executed this 28th day of March 2016 at Leawood, Kansas.

*[signature]*

Karina Shreefer, Esq.

Subscribed and sworn to before me

this _28th_ day of March 2016

Notary Public _[signature]_
VICKI FARRON
Notary Public, State of Kansas
Qualified in Johnson County
Commission Expires December 9, 2016

4