# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

HEMLOCK SEMICONDUCTOR
CORPORATION,
                Plaintiff,            Case Number 15-cv-12499

vs.                                              Honorable Thomas L. Ludington

JINGLONG INDUSTRY AND
COMMERCE GROUP CO., LTD,

                Defendant.
_____/

## OPINION AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

Plaintiff Hemlock Semiconductor Corporation filed this suit on July 14, 2015, alleging that Defendant Jinglong Industry and Commerce Group Co., LTD, breached a contract for the purchase of solar panel components. ECF No. 1. Traditional methods of service were ineffectual, and, on June 26, 2017, the Court granted leave for Hemlock to use alternative means of service. ECF No. 15. Accordingly, Hemlock served Jinglong's domestic counsel. No answer has been filed. On July 28, 2017, Hemlock asked for and received the Clerk of Court's entry of default. ECF Nos. 17, 18. Now, Hemlock has filed a motion for default judgment. ECF No. 20.

**I.**

The well-pleaded factual allegations in the complaint will be summarized. Compl., ECF No. 1. The Hemlock Semiconductor Corporation is "a leading manufacturer of polycrystalline silicon that is used, <u>inter alia</u>, in the manufacturing of photovoltaic wafers, ingots, solar cells, and solar modules." *Id.* at 2 (emphasis in original). Jinglong Industry and Commerce Group Co., LTD, is "principally engaged in the manufacturing and distribution of solar grade solar cell and semiconductor device grade silicon products." *Id.* The two companies entered into two "Long Term Supply Agreements" on July 3, 2006, and June 18, 2007. *Id.* at 1. Pursuant to the Supply

Agreements, "Hemlock was obligated to manufacture solar grade polycrystalline silicon that Jinglong was obligated to purchase." *Id.*

The Supply Agreements obligated Jinglong "to purchase specified quantities of Product for a period of years, pursuant to an annual schedule, at specific prices." *Id.* at 3. "Jinglong also agreed in Supply Agreements II and III that it would 'take or pay' for the Product, such that Jinglong was 'absolutely and irrevocably required' to pay the full purchase price of the Product scheduled for each year (the 'Contract Quantity of Product,') regardless of whether Jinglong opted to order or take delivery of the Product." *Id.*

Hemlock alleges that it has "fully performed and complied with all of its obligations under" the Supply Agreements. *Id.* Despite that, Jinglong "did not order or take delivery of the full Contract Quantity of Product" for calendar years 2012, 2013, or 2014. *Id.* at 3–4. Throughout 2013, 2014, and 2015, Hemlock sent Jinglong notices of default and invoices requesting payment for the product that Jinglong did not take. Jinglong never made any of the requested payments.

The Supply Agreements include a provision permitting Hemlock to terminate the Supply Agreements if Jinglong failed to pay or otherwise committed a material breach of the agreement and the breach was not cured within 180 days. *Id.* at 5. On March 31, 2015, Hemlock terminated the Supply Agreements pursuant to that provision.

Now, Hemlock brings claims against Jinglong for breach of contract and account stated. In the complaint, Hemlock asserts that Jinglong has failed to pay $448,075,008. *Id.* at 6. Hemlock thus requests damages in that amount, plus $134,024,064 in interest that has accrued. Mot. Default at 8, ECF No. 20.

**II.**

A judgment by default may be entered against a defendant who has not pleaded or otherwise defended against an action. Fed. R. Civ. P. 55(b). Before a default judgment may be enterd, a party first must obtain a default. Fed. R. Civ. P. 55(a). Once a default is entered, the defendants are considered to have admitted the well pleaded allegations in the complaint, including jurisdiction. *Ford Motor Company v. Cross*, 441 F.Supp.2d 837, 845 (E. D. Mich. 2006) (citing *Visioneering Construction v. U.S. Fidelity and Guaranty*, 661 F.2d 119, 124 (6th Cir. 1981)). Here, Plaintiff properly obtained a default against Defendant, and the clerk certified that a notice of default was served on Defendants. ECF Nos. 17, 18, 19.

After a party secures the entry of default, the party may apply for a default judgment. Fed. R. Civ. P. 55(b). In reviewing an application for a default judgment, "[t]he court may conduct hearings or make referrals … when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). While the well-pleaded factual allegations in the complaint are taken as true when a defendant is in default, damages are not. *Ford Motor Company*, 441 F.Supp.2d at 848 (citing *Thomson v. Wooster*, 114 U.S. 104 (1885)). The Court must determine the propriety and amount of the default judgment where the damages sought are not for a sum certain. *See* Fed. R. Civ. P. 55(b). "Ordinarily, the District Court must hold an evidentiary proceeding in which the defendant has the opportunity to contest the amount [of damages]." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (internal quotation and citation omitted). However, Rule 55 gives the court the discretion to determine whether an evidentiary hearing is necessary, or whether to rely on detailed affidavits or documentary evidence to determine damages. *Stephenson v. El Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008).

**III.**

The Court has previously found that materially identical Supply Agreements were valid and enforceable. *See, e.g*, *Hemlock Semiconductor Corp. v. Glob. Sun Ltd.*, No. 13-11881, 2014 WL 3440119, at *1 (E.D. Mich. July 15, 2014) (entering default judgment); *Hemlock Semiconductor Corp. v. Deutsche Solar GmbH*, No. 13-CV-11037, 2016 WL 3743130, at *1 (E.D. Mich. July 13, 2016), *aff'd sub nom. Hemlock Semiconductor Operations, LLC v. SolarWorld Indus. Sachsen GmbH*, 867 F.3d 692 (6th Cir. 2017) (granting summary judgment). The Supply Agreements provide for 12% annual interest on "payment past due from the payment due date to the date payment is received." *See, e.g.,* 2006 Supp. Agr. at 2, Sec. 6, ECF No. 23, Ex. 1. Michigan Compiled Law 600.6013(7), specifies that

> if a judgment is rendered on a written instrument evidencing indebtedness with a specified interest rate, interest is calculated from the date of the filing of the complaint to the date of satisfaction of the judgment at the rate specified in the instrument if the rate was legal at the time the instrument was executed. . . . The rate under this subsection shall not exceed 13% per year compounded annually.

*Id.*

Because the Supply Agreement specifies a 12% annual interest rate, that provision is enforceable under Michigan law up to the point that the judgment is satisfied. Accordingly, Hemlock is entitled to interest on the unpaid principal amounts from the date of the payment due dates until this judgment is satisfied.

Here, Hemlock has provided the Supply Agreements, an affidavit detailing the breaches and totaling the payments due, and a document listing the payments and interest due and providing a total calculation of damage. Because the damages requested by Hemlock are governed by the Supply Agreements and thus are completely quantifiable by reference only to those documents and the previously mentioned affidavits, no evidentiary hearing is necessary. The Court has

independently reviewed the complaint, the Supply Agreements, and the affidavits. Hemlock's requested damages are consistent with the allegations made in the complaint and the payments anticipated in the Supply Agreements. The requested damages are for a sum certain, and default judgment in the amount requested will be granted.

Accordingly, it is **ORDERED** that Plaintiff Hemlock's motion for default judgment, ECF No. 20, is **GRANTED.**

It is further **ORDERED** that in accordance with Federal Rules of Civil Procedure 55 and 58, on Plaintiff Hemlock's Complaint against Defendant Jinglong, final judgment is **ENTERED** in favor of Plaintiff Hemlock and against Defendant Jinglong in the amount of **$569,913,312.00**, plus **continuing 12 percent interest per annum** on the principal amount of **$435,744,000.00** through satisfaction of the judgment. Each party shall bears its own costs and fees.

Dated: October 23, 2017                     s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 23, 2017.

                                            s/Kelly Winslow
                                            KELLY WINSLOW, Case Manager